THOMAS *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered April 24, 1922.

1. JUDGMENT—RES JUDICATA—FORMER DISMISSAL.—Where an action was brought against the receiver of a railroad, and a motion to dismiss the complaint was made on the ground that another court had reserved the right to determine claims against the receiver, and defendant as purchaser at receiver's sale was made a party defendant and likewise filed its motion to dismiss the complaint on the same ground, a general order dismissing the cause as against all defendants was a final order, and precluded a second action against defendant purchaser.

2. JUDGMENT—RES JUDICATA—PARTIES.—The fact that a party in a prior suit was not a party in the pending suit, his interests having been disposed of to the defendant herein, did not preclude defendant from pleading the judgment in the former suit as *res judicata.*

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Oscar H. Winn, G. A. Hillhouse, E. F. Duncan* and *Otis W. Scarborough,* for appellant.

*Thomas B. Pryor* and *Ponder & Gibson,* for appellee.

HUMPHREYS, J.   This is an appeal from a judgment of the Jackson Circuit Court dismissing appellant's complaint against appellee, seeking to recover damages for an injury received by appellant on November 15, 1916, through the alleged negligence of the employees of B. F. Bush, who was at the time receiver of the St. Louis, Iron Mountain & Southern Railway Co.   The complaint, as amended, alleged that appellee succeeded B. F. Bush in the operation of said railroad property by purchase, with full knowledge of all injuries inflicted upon persons and property by its predecessors, and that, on account of taking over said railroad, it assumed the liabilities of its said predecessors.   The court dismissed the suit on appellee's plea of *res judicata*.   This was the third complaint filed by appellant seeking to recover damages for the same injury.   A nonsuit was taken on the second complaint, and the first was dismissed by the court for the want of jurisdiction, on the ground that the United States District Court for the Eastern Division of the Eastern District of Missouri, in which the receivership of B. F. Bush over said road had been administered, had reserved the right to determine and allow claims growing out of the liability of the receiver in operating said railroad properties.   After B. F. Bush, as receiver for the St. Louis, Iron Mountain & Southern Railway Company, had filed a motion in the Jackson Circuit Court to dismiss appellant's first complaint, on the ground above stated, the appellee, the Missouri Pacific Railway Co., as purchaser at the receiver's sale, and successor in the operation of said railroad properties, was made a party defendant by appellant in said suit; whereupon it filed a motion to dismiss appellant's first complaint, adopting, in substance, the motion theretofore filed by B. F. Bush, receiver for the St. Louis, Iron Mountain & Southern Railway Co.

The order made by the court dismissing appellant's first complaint was entered under the style of *Alex Thomas* v. *B. F. Bush, as Receiver of the St. Louis, Iron Mountain & Southern Railway Co.*   The order itself,

however, sustained the motion and dismissed the cause for want of jurisdiction and adjudged the costs against plaintiff (appellant). Appellant contends that this order of dismissal was not effective as a bar to his third complaint because the order was made in the receiver's motion and did not include the Missouri Pacific Railway Co. We cannot agree with appellant in this conclusion. After the Missouri Pacific Railway Company had been made a party, at the instance of appellant, and served by process, it filed a motion to dismiss the cause, adopting the motion of B. F. Bush, receiver, as a part of its motion. The judgment dismissing the cause being general, the language used had the effect of dismissing the case as against all defendants. It was a final order from which an appeal might have been prosecuted. Even if erroneous, which it is unnecessary to determine, appellant's only remedy to correct the error was by appeal.

Appellant also contends that the dismissal in the first suit was not a bar to the instant case because B. F. Bush, as receiver of the St. Louis, Iron Mountain & Southern Railway Co., was a party defendant in the first, but not a party in the instant case. We do not think this can make any difference, because the basis of both suits grows out of the alleged negligence of B. F. Bush as receiver of the St. Louis, Iron Mountain & Southern Railway Co. while operating the railroad properties, and it was alleged in both suits that the Missouri Pacific Railway Company was the purchaser and successor of its predecessors, and that by reason of taking over the operation of the railroad with knowledge of the claim it assumed the liability. The purpose of both suits was to enforce a claim arising under the administration of the railroad properties by B. F. Bush, receiver, against the Missouri Pacific Railway Co. as purchaser of the properties and successor to the former owners thereof. The issues therefore in both suits were identical, and the real parties in interest the same. The dismissal order was, in effect, an adjudication that appellant had no remedy against either the receiver or his successor, the Missouri

Pacific Railway Co., in the courts of Arkansas on account of the alleged injury, and was conclusive upon the parties and their privies. The judgment was based upon the motion to dismiss, and the only ground alleged in the motion for dismissal was that the properties of the St. Louis, Iron Mountain & Southern Railway Co., at the time the injury was received, were being administered in the Federal Court for the Eastern Division of the Eastern District of Missouri, which court had reserved in its orders the exclusive power and authority to adjudicate all claims growing out of the receivership. As above stated, this may have been an erroneous adjudication of appellant's rights, but it was final and appealable. The fact that a party in the original suit was no longer interested, because his interest had been disposed of, was omitted as a party defendant in another suit involving the same issues between the real parties in interest, could not be regarded as a new suit in the sense of precluding interested parties in the first suit from interposing a plea of *res judicata* upon issues determined in the first suit.

No error appearing, the judgment is affirmed.